IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD KELLUM II, ROSALIND KELLUM, and SARAH SUBLET-MCCLINTON, | **8:23CV354** |
| Plaintiffs, | |
| vs. | **MEMORANDUM AND ORDER** |
| JEFF DAVIS, Sheriff; SARPY COUNTY SHERIFFS DEPT., LA VISTA POLICE DEPT., ROBERT S. LAUSTEN, Chief LaVista Police Dept.; LEE POLIKOV, Sarpy County Attorney; JIM PILLEN, Governor; DAVID BLACK, Mayor; and SARPY COUNTY, | |
| Defendants. | |

Pro Se Plaintiffs, the Kellums,[1] sued several law enforcement entities after a SWAT team executed a warrant on the wrong house. Filing No. 1. Their complaint survives initial review because it is timely, asserts a cognizable Fourth Amendment claim, and the immunity issues are not clear from the face of the complaint.

## I.  SUMMARY OF THE COMPLAINT

In the early morning of August 14, 2019, the Kellums were in their home in La Vista, Nebraska. Filing No. 1 at 8. A group of five or more police officers banged on the door. *Id.* The police entered, armed with assault rifles, claiming to be executing a warrant for a capital murderer. *Id.* The purported search warrant did not list who they were looking for, the places to be searched, and did not contain the Kellums' address. *Id.* at 15. No capital murder suspect lived at the Kellums' home. The officers questioned the Kellums—still in their night clothes—and held them at gunpoint. *Id.* at 8–10. As a result of this raid, the

---

[1] Donald Kellum II, Rosalind Kellum, and Sarah Sublet-McClinton.

Kellums suffered financial, emotional, psychological, and physical injuries.  On August 10, 2023, the Kellums sued under 42 U.S.C. § 1983 alleging, among other things, the raid was an unreasonable search and seizure under the Fourth Amendment.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  ANALYSIS OF THE COMPLAINT

**A.  The Defendants**

   **T**he Kellums sue several Sarpy County, City of La Vista, and City of Papillion defendants, as well as one State of Nebraska defendant.  Both Sarpy County Sheriff Jeff Davis and La Vista Police Department Chief Robert S. Lausten have separated from those offices since the Kellums filed this action.  Accordingly, as the Court can discern no individual capacity allegations against these two defendants, the Court will automatically substitute current Sarpy County Sheriff Greg London and La Vista Police Department Chief Mike Schofield as parties pursuant to Fed. R. Civ. P. 25(d).  *See* https://www.sarpy.gov/650/Command-Staff and https://www.cityoflavista.org/995/Meet-the-Command-Staff (last visited Sept. 22, 2025).

   Additionally, the Kellums' claims against the Sarpy County Sheriff's Department and the La Vista Police Department are properly construed as claims against Sarpy County and the City of La Vista, respectively. *See Hood-Bey v. Brown*, No. 8:24CV474, 2025 WL 1167837, at *12 (D. Neb. Apr. 22, 2025) ("[A] city police department is not a distinct legal entity amenable to suit under 42 U.S.C. § 1983." (internal quotation omitted)); *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014) ("[I]t is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit.").

   The Kellums also name Nebraska Governor Jim Pillen as a defendant in this action, but make no allegations whatsoever of any action by Pillen or another state actor over whom Pillen exercises supervisory authority.  Rather, the Kellums' allegations focus

solely on the conduct of the county and municipal defendants. As such, the Court concludes the Kellums' complaint fails to state a claim upon which relief may be granted against Pillen and he must be dismissed as a defendant to this action. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

**B. The Kellums' Complaint May Proceed**

Most of the Kellums' complaint will proceed to service because it is timely, alleges a cognizable Fourth Amendment claim, and additional information is needed to determine whether immunity applies. But the claims against Polikov cannot proceed to service because he has absolute prosecutorial immunity.

The Kellums' complaint is timely. "42 U.S.C. § 1983 does not contain a statute of limitations, so 'federal law looks to the law of the State in which the cause of action arose' and applies the analogous limitations period." *Summers v. Curd*, No. 8:21CV 453, 2025 WL 1000799, at *3 (D. Neb. Mar. 28, 2025) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Under Nebraska law, the statute of limitations for trespass and other intentional torts—the most analogous common law causes of action—is four years. Neb. Rev. Stat. § 25-207. Here, the Kellums' cause of action arose on August 14, 2019—when the alleged illegal search occurred—and expired on August 14, 2023. *See Wallace*, 549 U.S. at 388 (a 1983 cause of action arises "when the plaintiff has a complete and present cause of action") (internal quotations omitted). So, this lawsuit, filed on August 10, 2023, is timely.

4

The Kellums' complaint alleges a cognizable Fourth Amendment claim.  U.S. Const. amend.  IV bars "unreasonable searches and seizures."  "[S]earches and seizures inside a home without a warrant are presumptively unreasonable."  *Payton v. New York*, 445 U.S. 573, 586 (1980).  Mistaken execution of a search warrant on the wrong home violates the Fourth Amendment, if the executing officers should know they are raiding the wrong home.  *Maryland v. Garrison*, 480 U.S. 79, 86–86 (1987).  Here, the Kellums allege that the officers did not have a warrant listing their home address and searched it, nevertheless.  Moreover, they allege the warrant did not list an address—let alone their address—and the officers were informed they had entered the wrong home.  Whether intentional—*see e.g. Mitchell v. Shearrer*, 729 F.3d 1070, 1074–77 (8th Cir. 2013)—or by mistake—*see e.g. Garrison*, 480 U.S. at 86–86—these allegations of warrantless entry present a cognizable and plausible Fourth Amendment claim.

Construing the Kellums' pro se pleading in their favor, they have adequately alleged a pattern or practice for their claims against the supervisor and municipal defendants to survive initial review.  42 U.S.C. § 1983 does not impose free-floating vicarious liability for supervisors or employers.  *Molina v. City of St. Louis, Missouri*, 59 F.4th 334, 344 (8th Cir. 2023).  Instead, to recover against a supervisor or a municipality, the Kellums must plead "the entity's policy or custom must have played a part in the violation of federal law."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Here, the Kellums allege that the violation "starts at the top and fizzles down to lower ranks of workers" and question "if a searchless warrant did not apply to me, how many more citizens in Nebraska have had their Constitutional rights violated?" Filing No. 1 at 9.  While not overly detailed, "liberally construed"—*Topchian*, 760 F.3d at 849—these allegations plausibly allege that

the municipalities' and supervisors' "polic[ies] or custom[s] . . . played a part in the violation of federal law." *Hafer*, 502 U.S. at 25. So, this case should proceed to service against the municipal and law enforcement defendants.

With one exception, any immunity issues are better resolved after hearing from the Defendants.[2] To the extent there is an individual capacity claim against any defendant,[3] any immunity defense is qualified. "This is a 'fact-intensive inquiry and must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Coates v. Powell*, 639 F.3d 471, 476 (8th Cir. 2011) (quoting *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006)). Here, the contours of any immunity defense are not apparent from the four corners of the complaint, and the Court would benefit from adversarial presentation of these issues.

The one exception is Polikov because the Kellums have not alleged any activities that fall outside the expansive scope of immunity for prosecutors. As a general matter, a prosecutor is absolutely immune from liability under 42 U.S.C. § 1983 for "prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Prosecutors are not absolutely immune from claims arising from "investigatory" or "administrative" activities. *Id.* Here, the Kellums do not allege that Polikov swore to false facts on the warrant application or otherwise messed up his "investigatory" or "administrative" duties.

---

[2] The Defendants may have other arguments or defenses that are not clear from the face of the complaint. This order does not limit Defendants' ability to raise these issues after service.

[3] The Kellums also may have individual capacity claims against other law enforcement actors who are not named in the complaint due to the Kellums' lack of information regarding such defendants. *See* Filing No. 4 at 2 (seeking to subpoena names of officers involved in warrantless search).

*Id.*; *Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997) (holding absolute immunity did not apply to allegations that a prosecutor swore to false allegations in a warrant application because the prosecutor was acting as a witness, not a prosecutor). At best, the Kellums allege that Polikov sought a search warrant for a different property that was later erroneously executed by the police. But they did not make any non-conclusory allegations of activity that would fall outside the scope of absolute prosecutorial immunity or connect Polikov's actions to the constitutional violation.

To summarize: liberally construing the Kellums' allegations, they have plausibly alleged a timely Fourth Amendment claim under 42 U.S.C. § 1983, a basis for supervisor/municipality liability, and, except as stated above, any immunity issues cannot be resolved on initial review. So, this case will proceed to service, so it can be resolved with the benefit of the adversarial process.

Also, because this case will proceed to service, the Court finds that appointment of counsel to represent the Kellums would be beneficial both to the parties and to the Court. Accordingly, the Court will exercise its discretion and appoint counsel for the Kellums pursuant to 28 U.S.C. § 1915(e)(1). The appointment of counsel also addresses the Court's concerns regarding Plaintiff Rosalind Kellum apparently filing this action on behalf of herself and her two children, Donald Kellum II and Sarah Sublet-McClinton. *See C.H. by & through Hunt v. Pattonville Sch. Dist.*, No. 4:21-CV-00443-JCH, 2021 WL 4061106, at *2 (E.D. Mo. Sept. 7, 2021) ("A non-attorney pro se litigant may represent him or herself in federal court, but cannot represent another person.").

## IV.  CONCLUSION

Upon review of the Kellums' Complaint under 28 U.S.C. § 1915(e), the Court concludes the Kellums alleged a plausible 42 U.S.C. § 1983 claim against the law enforcement defendants but not the prosecutor defendant—Polikov—or Nebraska Governor Pillen. Their claim will be allowed to proceed to service of process as set forth below.   However, the Court cautions the Kellums that this is only a preliminary determination based on the allegations found within the Complaint.   This is not a determination of the merits of the Kellums' claims or potential defenses thereto.

**THEREFORE, IT IS ORDERED:**

1.  The Clerk of Court is directed to substitute Greg London in place of Defendant Jeff Davis and to substitute Mike Schofield in place of Defendant Robert S. Lausten.

2.  This matter may proceed to service of process against Defendants Greg London, the Sarpy County Sheriffs Dept., the Lavista Police Dept., Mike Schofield, David Black, and Sarpy County.

3.  Jim Pillen and Lee Polikov are dismissed.

4.  The Clerk of Court is directed to complete a summons form and a USM-285 form for the following Defendants using the following addresses:

    a.  Sheriff Greg London, Sheriff Greg London, the Sarpy County Sheriff's Department, and Sarpy County at the Clerk of Sarpy County, 1210 Golden Gate Drive, Suite 1118, Papillion, NE 68046.

    b.  Chief Mike Schofield and the La Vista Police Department at the City Clerk of the City of La Vista, 8116 Park View Boulevard, La Vista, NE 68128.

    c.  David Black at the City Clerk of the City of Papillion, 122 E Third Street, Papillion, NE 68046.

5.  The Clerk of Court shall forward the completed forms together with sufficient copies of the Complaint, Filing No. 1, and of this Memorandum and Order to the United States Marshals Service for service of process on Defendants. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service upon the chief executive officer or the appropriate city or county clerk.  *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02.

6.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]  For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service.  *See* Neb. Rev. Stat. § 25-505.01(1).

7.  Fed. R. Civ. P. 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiffs are granted, on the Court's own motion, an extension of time until 90 days from the date of this order to

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

complete service of process.  The Clerk of Court shall set a case management deadline accordingly.

8.  Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

9.  The Court, on its own motion and pursuant to 28 U.S.C. § 1915(e)(1), appoints counsel to represent the Plaintiffs.

10. With thanks for accepting the appointment, Elizabeth A. Govaerts and the Powers Law Firm are hereby appointed to represent Plaintiffs Rosalind Kellum, Donald Kellum II, and Sarah Sublet-McClinton in this matter.

11. Elizabeth A. Govaerts is directed to promptly enter her appearance as counsel in this case.

12. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Powers Law Firm.

13. A second and last installment of $1,000 shall become due and payable to the Powers Law Firm upon the entry of judgment or other closing documents in the case.

14. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiffs in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.  *See also* NEGenR 1.7(f) and NECivR 54.3-54.4.

15. Should Plaintiffs succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

16. Counsel for Plaintiffs is appointed to assist Plaintiffs with the prosecution of their claims and through trial, if this case should proceed to trial. The appointment will not extend to any appeal after trial.

17. The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiffs and Plaintiffs' appointed counsel.

18. Because this non-prisoner case is proceeding to service of process and counsel has been appointed, at the direction of the Court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

19. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiffs shall keep the Court informed of their current addresses at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 23rd day of September, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge