IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD KELLUMII, ROSALIND KELLUM, and SARAH SUBLET-MCCLINTON,<br><br>Plaintiffs,<br><br>vs.<br><br>GREG LONDON, SARPY COUNTY SHERIFFS DEPT., LAVISTA POLICE DEPT., MIKE SCHOFIELD, DAVID BLACK, Mayor; and SARPY COUNTY,<br><br>Defendants. | 8:23CV354<br><br>PROTECTIVE ORDER |

    The parties' joint motion for entry of a Protective Order, Filing No. 42, is granted. The Court enters the following Protective Order governing the disclosure of discovery material in this action.

    Plaintiffs Donald Kellum II, Rosalind Kellum, and Sarah Sublet-McClinton ("Plaintiffs") have requested the production of documents and/or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). Plaintiffs, along with Defendants Greg London, Sarpy County Sheriff, Sarpy County Sheriff's Office, Sarpy County, Mike Schofield, La Vista Chief of Police, La Vista Police Department, and David Black, Mayor of Papillion (collectively, the "Parties"), agree that good cause exists to protect the confidential nature of the information

1

contained in documents, interrogatory responses, response for requests for admission, and/or deposition testimony.

The Parties expect to exchange documents and information including, among other things: (1) law-enforcement sensitive materials, including materials specific to a particular deputy; (2) law-enforcement records and/or documents maintained by Defendants referencing personally identifiable information and confidential information of nonparties to this action; (3) law-enforcement records and/or documents maintained by Defendants describing tactical and/or strategic decisions; and (4) personnel information.

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be used only in this proceeding.

2.      Use of any information or documents labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any purpose other than litigating or attempting to settle this case, including but not limited to the preparation, filing, service, litigation, and/or settlement of any claims that may in the future be asserted by Plaintiffs against the Defendants. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to whether the disclosure of any specific information or document was authorized by the preceding sentence, the burden shall be on the disclosing party to show that such information or document was lawfully obtained through means or sources outside of this litigation.

3.      The Parties, and third parties subpoenaed by one of the parties, may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents,

testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standard, including but not limited to materials that may contain PHI. The party shall designate each page of the document with "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if practical to do so.

4. All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like, that are filed with the court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

5. Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" any portion of the transcript that the party or witness contends discloses confidential information. If the transcript containing any such material is filed with the Court, it shall be filed under restricted access and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion of such pleadings, motions, briefs, etc. have been filed under restricted access by counsel and marked in the same manner as described in paragraph 4 above. Such restricted portion(s) of pleadings, motions, briefs,

documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

      7.    Use of any information, documents, or portions of documents marked "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

      a. Outside counsel of record for the parties and the administrative staff of outside counsel's firms; and

      b. In-house counsel for the parties, and the administrative staff for each in-house counsel; and,

      c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation; and,

      d. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interests of the parties in this litigation; and,

      e. The Court and its personnel, including but not limited to, stenographic reporters regularly employed by the Court and/or engaged by the Court or the parties during the litigation of this action; and,

      f. The authors and the original recipients of the documents; and,

      g. Any court reporter or videographer reporting a deposition during the litigation of this action; and,

      h. Any individual who is named as a defendant in any pleadings, but who has not yet been formally served with process, but only to the

extent necessary to effect service of process on that individual; and,

i. Any attorney, whether or not the attorney is counsel of record in this action, who has been retained or authorized in this matter by any individual who is named as a defendant, if the attorney is authorized to accept service on behalf of the defendant, but only to the extent necessary to effect service of process on that individual.

8. Use of any information, documents, or portions of documents marked "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), and 7(g), unless additional persons are stipulated by counsel or authorized by the Court, provided that a summons and a copy of any amended complaint may be disclosed to the persons listed in paragraphs 7(h) and 7(i).

9. Prior to being shown any documents produced by another party marked "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY," any person listed under paragraphs 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. In the event any person refuses to sign the attached agreement form with respect to discovery material designated "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY," no such information may be disclosed to such person without prior written consent of the designating party.

10. Whenever information designated as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person other than those persons designated in paragraph 7 for the portion of the deposition, hearing or pre-trial proceeding.

11. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall

5

confer with counsel for the designating parry. As part of that conferral, the designating party much assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order cover the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonable should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents and materials and prevent further disclosure.

13. Designation by either party of information or documents as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY".

14. Within thirty (30) calendar days after the entry of final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by the Protective Order to receive information or documents marked as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" shall make reasonable efforts to return to the producing party or third party, or to destroy, all information and documents subject to this Protective Order.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16. Nothing in this Protective Order shall limit the parties' right to disclose their own confidential information.

17. Nothing in this Protective Order shall prejudice any party from arresting any privilege or protection – including but not limited to the attorney-client privilege, attorney work product, or law enforcement privilege, if any. This Protective Order does not constitute a concession by any party that any privilege or protection either exists or applies to any material.

18. Nothing in this Protective Order shall prejudice any party from seeking amendments to expend or restrict the rights of access to and use of confidential information or other modifications, subject to order by the Court.

19. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and it shall be binding on the parties and their legal counsel in the future.

Dated this 7th day of January, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

8

# EXHIBIT A

I, _____, have been advised by counsel of record for _____ in *DONALD KELLUM, et al. v. GREG LONDON, Sarpy County Sheriff, et al.,* District of Nebraska Case No. 8:23CV354 of the protective order governing th edelivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____         _____
Signed                                                                              Date


_____
Printed