IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONALD KELLUM, II, et al.,

Plaintiffs,

vs.

GREG LONDON, et al.,

Defendants.

8:23-CV-354

MEMORANDUM AND ORDER

The plaintiffs—Donald Kellum, II, Rosalind Kellum, and Sarah Sublet-McClinton—allege that several unknown and unidentified police officers executed a warrantless search of their La Vista, Nebraska home. They brought suit against Greg London, the Sarpy County Sheriff's Department, and Sarpy County, as well as the La Vista Police Department, Mike Schofield, and Mayor David Black (collectively, "La Vista"). This matter is before the Court on La Vista's pre-answer motion for summary judgment.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify evidence the movant believes demonstrates the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must

be evidence on which the factfinder could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011).

According to La Vista, the plaintiffs sued the wrong parties. The La Vista witnesses aver that there are no records involving any warrant or officer activity at the plaintiffs' home on the date in question, from La Vista police or Papillion police. Filing 34-1 at 2; filing 34-3 at 2. But one of the plaintiffs submitted a competing affidavit, averring that the officers at issue "identified themselves as employees of the Sarpy County Sheriff" and wore uniforms "which plainly bore the insignia of Sarpy County and La Vista law enforcement." Filing 37-1 at 1-2. The plaintiffs also allege that the officers had no warrant to enter the plaintiffs' home—supporting an inference that there would be no corresponding records.

La Vista argues that the Court should discredit the plaintiff's affidavit "because it introduces entirely new factual allegations" that were not in the complaint. Filing 41 at 4. It's true that a party may not blatantly contradict or revise prior testimony without explanation. *Setchfield v. St. Charles Cnty.,* 109 F.4th 1084, 1091 (8th Cir. 2024). But a witness is permitted to clarify ambiguities or confusion by submitting an affidavit, even if that leads to inconsistencies in versions of events. *See id.*

Here, the plaintiff's affidavit does not contradict anything in the record, let alone sworn testimony. The cases relied upon by La Vista involve attempts to amend complaints to add *claims* to avoid summary judgment, not facts. Filing 41 at 4 (citing *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004)). A plaintiff is not obliged under Fed. R. Civ. P. 8 to include every fact demonstrating a defendant's liability or potential liability—a plaintiff need only plead enough to put a defendant on notice of the basis of the claim. *See N. States Power Co.*, 358 F.3d at 1056-57. And, since the plaintiffs

2

named the La Vista parties as defendants, and plainly described the alleged unlawful conduct, it's clear the defendants were on notice of the events giving rise to the plaintiffs' lawsuit.

The type of evidence produced by the plaintiff is the same type of evidence produced by La Vista—sworn statements of what occurred. The plaintiff, now with the benefit of counsel, clarified her version of events with the type of details relevant to a defendant's potential liability. A genuine dispute of material facts therefore precludes summary judgment. La Vista's motion for summary judgment as to the La Vista Police Department and Mike Schofield is denied.

However, the Court agrees that nothing in the record supports a claim against David Black, the mayor of Papillion, in his individual or official capacity. The plaintiffs' affidavit does not mention Black or Papillion at all, so no reasonable factfinder could infer that Papillion city officials were involved in the allegedly unlawful search. The plaintiffs' claims against Black will be dismissed.

Accordingly,

IT IS ORDERED:

1.   La Vista's motion for summary judgment (filing 32) is granted in part and denied in part.

2.   The plaintiffs' claims against David Black, Mayor, are dismissed.

3.   The Clerk of the Court is directed to terminate David Black,

Mayor as a party.

4.   This case is referred to the Magistrate Judge for case progression.

Dated this 22nd day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4